No. 23-1138

**In the
United States Court of Appeals
for the Sixth Circuit**

**MANN CONSTRUCTION, INC.; BROOK WOOD; KIMBERLY
WOOD; LEE COUGHLIN; DEBBIE COUGHLIN**

*Plaintiffs-Appellees,*
vs.
**UNITED STATES OF AMERICA**
*Defendant-Appellant.*

**On Appeal from the United States District Court
for the Eastern District of Michigan, Northern Division**

**APPELLEES' BRIEF**

**SAMUEL J. LAURICIA III (0078158)**
*SLauricia@westonhurd.com*
**MATTHEW C. MILLER (0084977)**
*MMiller@westonhurd.com*
**WALTER A. LUCAS (0068150)**
*SLucas@westonhurd.com*
**Weston Hurd LLP**
1300 East 9th Street, Suite 1400
Cleveland, OH  44114-1862
(216) 241-6602 (p), (216) 621-8369 (f)
**Attorneys for Appellees
MANN CONSTRUCTION, INC.;
BROOK WOOD; KIMBERLY WOOD;
LEE COUGHLIN; DEBBIE
COUGHLIN**

# <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF CONTENTS ...............................................................i

TABLE OF AUTHORITIES.................................................... iii

STATEMENT IN SUPPORT OF ORAL ARGUMENT ..........................ix

INTRODUCTION.....................................................................1

JURISDICTIONAL STATEMENT ...........................................1

STATEMENT OF THE ISSUES.................................................2

STATEMENT OF THE CASE ...................................................3

SUMMARY OF ARGUMENT ..................................................7

STANDARD OF REVIEW.......................................................11

ARGUMENT .........................................................................12

    I.    THE SIXTH CIRCUIT CORRECTLY VACATED NOTICE 2007-83, AND THE DISTRICT COURT CORRECTLY ENFORCED THE SIXTH CIRCUIT'S MANDATE ...........................................................12

        A.    The Sixth Circuit vacated Notice 2007-83, not the District Court ...............................................12

        B.    The District Court complied with the Sixth Circuit's mandate......................................................13

        C.    The District Court appropriately applied this Court's vacatur of the Notice to all regulated parties.........................................................18

        D.    This Court's set aside remedy was available and appropriate.................................................19

II.   THE GOVERNMENT CANNOT CHALLENGE THE VACATUR OF THE NOTICE, BUT EVEN IF IT COULD, THE REMEDY IS APPROPRIATE ...................... 21

    A.   Vacating invalid and unlawful agency actions is appropriate .................................................... 21

    B.   Section 706 authorizes vacatur of unauthorized agency actions ............................................ 25

    C.   A court cannot limit the vacatur of an unlawful agency action to specific parties or regions ................ 29

    D.   Even if equitable balancing is appropriate or required, the balancing supports the District Court's order ................................................ 35

    E.   The government's position conflicts with the purpose of § 6707A ...................................... 40

CONCLUSION ........................................................ 43

CERTIFICATE OF COMPLIANCE ........................................ 44

RECORD ADDENDUM .......................................... 45

STATUTORY ADDENDUM ................................................ 46

CERTIFICATE OF SERVICE ............................................... 47

# TABLE OF AUTHORITIES

Cases

*Abbott Lab'ys v. Gardner*,
   387 U.S. 136 (1967) ................................................................. 35

*Ackerman Bros. Farms, LLC v. United States Dep't of Agric.*,
   2021 U.S. Dist. LEXIS 247821 ............................................. 37

*Action on Smoking & Health v. Civil Aeronautics Bd.*,
   713 F.2d 795 (D.C. Cir. 1983) ............................................. 17

*Allied-Signal v. United States Nuclear Regulatory Comm'n*,
   988 F.2d 146 (D.C. Cir. 1993) ........................................ 37, 38

*Anchor v. O'Toole*,
   94 F.3d 1014 (6th Cir. 1997) ............................................... 11

*Herr v. U.S. Forest Serv.*,
   803 F.3d 809 (6th Cir. 2015) ............................................... 31

*Aqua Prods. v. Matal*,
   872 F.3d 1290 (Fed.Cir.2017) ............................................. 16

*Balani v. Immigration and Naturalization Serv.*,
   669 F.2d 1157 (6th Cir. 1982) ............................................. 12

*Beecham v. United States*,
   511 U.S. 368, 371 (1994) .................................................... 27

*Big Lagoon Rancheria v. California*,
   741 F.3d 1032 (9th Cir.2014) .............................................. 16

*Brunet v. City of Columbus*,
   58 F.3d 251 (6th Cir. 1995) ................................................. 14

*California v. Texas*,
   141 S. Ct. 2104 ................................................................. 36

*Checkosky v. SEC,*
    23 F.3d 452, 306 U.S. App. D.C. 144 (D.C. Cir. 1994) ........................24

*CIC Servs., LLC v. IRS,*
    141 S. Ct. 1582 (2021)..........................................................................19

*Col. Gas Transm'n Corp. v. FERC,*
    404 F.3d 459 (D.C. Cir. 2005) ...........................................................28

*Comite' De Apoyo A Los Trabajadores Agricoloas v. Perez,*
    774 F.3d 173 (3rd Cir. 2014)........................................................24, 33

*Cook Cty. v. Wolf,*
    498 F. Supp. 3d 999 (N.D. Ill. 2020)................................................8, 15

*Data Marketing Partnership, LP v. United States DOL,*
    45 F.4th 846 (5th Cir. 2022) .........................................................16, 23

*Driftless Area Land Conservancy v. Valcq,*
    16 F.4th 508 (7th Cir. 2021) ....................................................... passim

*E. Bay Sanctuary Covenant v. Garland,*
    994 F.3d 962 (9th Cir. 2021)........................................................16, 23

*Employers Ins. of Wassau v. Browner,*
    52 F.3d 656 (7th Cir. 1995)..................................................................16

*Franciscan Alliance, Inc. v. Becerra,*
    47 F.4th 368 (5th Cir. 2022) ...............................................................23

*GMAC Mortg., LLC v. McKeever,*
    651, Fed. Appx. 332 (6th Cir. 2016)....................................................12

*Govig & Assocs. v. United States,*
    2023 U.S. Dist. LEXIS 49700 ..............................................31, 32, 33

iv

*Harmon v. Thornburgh*,
 878 F.2d 484 (D.C. Cir. 1989) .................................................. 10, 11, 34

*Holmes v. City of Massillon, Ohio*,
 78 F.3d 1041 (6th Cir. 1996) ................................................................ 12

*Howe v. City of Akron*,
 801, F. 3d 718 (6th Cir. 2015) .............................................................. 12

*Ky. Riverkeeper, Inc. v. Rowlette*,
 714 F.3d 402 (6th Cir. 2013) .......................................................... 25, 38

*Little Sisters of the Poor Saints Peter and Paul Home v. Pennsylvania*,
 40 S.Ct. 2367, 207 L.Ed.2d 819 (2020) .............................................. 24

*Long Island Power Auth. & Long Island Lighting Co. v. FERC*,
 27 F.4th 705, 456 U.S. App. D.C. 88 (D.C. Cir. 2022) ....................... 38

*Madison Avenue Pharmacy, Inc. et al. v. United States*,
 Case No. 3:22-CV-00082 ...................................................................... 31

*Mann Constr., Inc. v. United States*,
 27 F.4th 1138 ............................................................................... passim

*Mann Constr., Inc. v. United States*,
 No. 20-cv-11307 (E.D. Mich. filed May 26, 2020) .............................. 19

*Moshea v. Nat'l Transp. Safety Bd.*,
 570 F.3d 349 (D.C. Cir. 2009) ............................................................. 28

*N.D. Retail Ass'n v. Bd. of Governors of the Fed. Rsrv. Sys.*,
 55 F.4th 634 ......................................................................................... 32

*Nat'l Min. Ass'n v. U.S. Army Corps of Eng'rs*,
 145 F.3d 1399 (D.C. Cir. 1998) ................................................ 10, 11, 34

*Niz-Chavez v. Garland*,
 141 S. Ct. 1474, 209 L. Ed. 2d 433 (2021) ......................................... 38

*O.A. v. Trump,*
    404 F. Supp. 3d 109 (D.D.C. 2019) ........................................... 16, 23, 29

*Oom, Inc. et al., v. United States,*
    Case No. 22-2762 ......................................................................... 31, 33

*Pennsylvania v. President United States,*
    930 F.3d 543 (3d Cir.2019) ................................................................ 23

*Pennsylvania v. Trump,*
    351 F. Supp. 3d 791 (E.D. Pa. 2019)................................................... 29

*Sierra Club v. United States EPA,*
    60 F.4th 1008 (6th Cir. 2023)...................................................... passim

*Texas v. United States,*
    No. 6:21-CV-00016, 2022 WL 2109204, (S.D. Tex. June 10, 2022),
    cert. granted before j., 143 S. Ct. 51 (2022)................................... 10, 34

*U.S. v. Texas*
    599 U.S. ___ (2023) .......................................................................... 25

*United Biscuit Co. v. Wirtz,*
    123 U.S.App.D.C. 222, 359 F.2d 206 (1965)....................................... 28

*United States v. Moored,*
    38 F.3d 1419 (6th Cir. 1994)............................................................. 14

*United States v. Taylor,*
    142 S. Ct. 2015 (2022)....................................................................... 27

*United Steel v. Mine Safety & Health Admin.,*
    925 F.3d 1279 (D.C. Cir. 2019) ..................................................... 21, 36

*Waste Mgmt. of Ohio, Inc. v. City of Dayton,*
    169 F. App'x 976 (6th Cir. 2006)....................................................... 13

*Westside Mothers v. Olszewski*,
  454 F.3d 532 (6th Cir. 2006) ................................................................ 14

**Statutes**

15 U.S.C. § 825l(b) ................................................................................ 28

26 U.S.C. § 6707A ......................................................................... passim

26 U.S.C. § 7422 ......................................................................... 2, 9, 40

26 U.S.C. § 7422(a) .......................................................................... 9, 40

26 U.S.C. § 7430 .................................................................................... 4

28 U.S.C.  § 1391(b)(2) ........................................................................ 41

28 U.S.C. § 1291 .................................................................................... 2

28 U.S.C. § 1346(a)(1) ..................................................................... 2, 40

28 U.S.C. § 1402(a)(1) .......................................................................... 41

28 U.S.C. § 2342 .................................................................................. 27

28 U.S.C. § 2401(a) ......................................................................... 30, 32

28 U.S.C. §1331 ..................................................................................... 2

28 U.S.C. §1391 ..................................................................................... 2

49 U.S.C. § 46110 ................................................................................. 27

5 U.S.C. § 702 ................................................................................. 2, 35

5 U.S.C. § 706 ............................................................................... passim

5 U.S.C. § 706(1) ............................................................................ 26

5 U.S.C. § 706(2) ...................................................................... passim

5 U.S.C. § 706(2)(A) ................................................................ passim

5 U.S.C. § 706(2)(C) ........................................................................ 32

5 U.S.C. § 706(2)(D) ........................................................................ 15

5 U.S.C. 706(2)(A)-(F) ..................................................................... 26

5 U.S.C. § 551 ................................................................................... 2

Title 26 of the United States Code ..................................................... 2

## Other Authorities

Black's Law Dictionary (10th ed. 2014) ............................................ 23

Black's Law Dictionary (11th ed. 2019) ............................................ 17

Black's Law Dictionary (3d ed. 1933) ............................................... 17

Merrick B. Garland, *Deregulation and Judicial Review*,
     98 Harv. L. Rev. 505, 574 (1985) ....................................... 9, 16

Mila Sohoni, *The Power to Vacate a Rule*,
     88 GEO. WASH. L. REV. 1121, 1173 (2020) ...................... 34

## Regulations

26 C.F.R. § 1.6011-4 .......................................................................... 5

## **STATEMENT IN SUPPORT OF ORAL ARGUMENT**

Pursuant to 6 Cir. R. 34(a), Appellees, Mann Construction, Inc., Brook Wood, Kimberly Wood, Lee Coughlin and Debbie Coughlin, respectfully request oral argument. This Court issued a mandate following its holding that Notice 2007-83 was unlawful and set aside. The issue presently before this Court is whether the District Court abused its discretion by enforcing the mandate by vacating the Notice for all regulated parties, and resulting in a tax refund for Taxpayers in 2013 and abatement of penalties in 2014-2017.

## **INTRODUCTION**

Appellant United States of America (the "government") cannot challenge the vacatur of IRS Notice 2007-83 (the "Notice").

On a prior appeal, the Sixth Circuit held that the Notice violated the APA's notice-and-comment requirements, was unlawful, and must be set aside. *Mann Constr., Inc. v. United States*, 27 F.4th 1138, 1148. On remand, in its order enforcing this mandate, the District Court agreed that "[t]he APA requires federal courts to set aside unlawful agency action." (Order, R. 73, PageID 1083). Further, taking into account this Court's opinion and the circumstances it embraces, the District Court followed the majority rule and concluded that "if an agency action violates the APA, 'then the court should invalidate the challenged action.'" (*Id.*, quoting Matthew N. Preston II, *The Tweet Test: Attributing Presidential Intent to Agency Action*, 10 BELMONT L. REV. 1, 7 (2022)).

In sum, the District Court properly followed this Court's mandate setting aside the unlawful Notice.

## **JURISDICTIONAL STATEMENT**

Appellees Mann Construction, Inc., Brook Wood, Kimberly Wood, Lee Coughlin, and Debbie Coughlin (collectively, "Taxpayers") brought

this action in the United States District Court for the Eastern District of Michigan. Taxpayers' claims arise under the laws of the United States, including the Administrative Procedures Act ("APA"), 5 U.S.C. § 551 *et seq.*, and the Internal Revenue Code ("IRC"), Title 26 of the United States Code. (Complaint, R. 1, PageID 4) (citing 26 U.S.C. § 7422, 28 U.S.C. § 1346(a)(1), 5 U.S.C. § 702). The District Court had subject-matter jurisdiction under 28 U.S.C. §1331 and venue was proper in accordance with 28 U.S.C. §1391.

On January 18, 2023, the District Court entered an opinion and order enforcing the Sixth Circuit's mandate by holding unlawful and setting aside the Notice. (Opinion, R. 73, PageID 1079-1085). The government timely filed a Notice of Appeal on February 14, 2023. This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

In the prior appeal, *Mann Constr., Inc. v. United States*, 27 F.4th 1138 ("*Mann I*"), the Sixth Circuit reversed the District Court and held that IRS Notice 2007-83 (*i.e.*, the "Notice") violated the APA's notice-and-comment requirements, was unlawful, and must be set aside pursuant to 5 U.S.C. § 706(2). The District Court subsequently entered an opinion

2

and order enforcing the Sixth Circuit's mandate setting aside the Notice (Order, R. 73, PageID 1079-1085).

The question presented is whether the District Court abused its discretion enforcing the Sixth Circuit's mandate setting aside the Notice.

## STATEMENT OF THE CASE

On or about November 5, 2007, the Internal Revenue Service ("IRS") issued the Notice. (R. 1, PageID. 5 at ¶ 19). The Notice is entitled "Abusive Trust Arrangements Utilizing Cash Value Life Insurance Policies Purportedly to Provide Welfare Benefits." (*Id*.) The Notice set forth four (4) Elements that constituted the identified transaction which, if satisfied, the reporting obligation was triggered. (*Id*., PageID. 8 at ¶ 23). Moreover, the Notice expressly stated the claimed benefits for the arrangements described in the Notice were "not allowable for federal tax purposes." (*Id*.) Element 4 of the Notice specifically addressed deductions, which had been interpreted by the Notice to mean that "premiums paid to policies that accumulate cash value within or outside the policy are not treated as insurance premiums paid for purposes of measuring the amount of the deduction for purposes of Element 4." (*Id*., PageID. 12 at ¶ 42). In other words, a deduction with respect to a cash

3

value life insurance policy was in excess of the limitations set forth in the Notice. (*Id*).

Citing the Notice as support, the IRS assessed penalties on the Taxpayers under 26 U.S.C. § 6707A for Tax Years 2013-2017. The IRS claimed that in each of Tax Years 2013-2017, Taxpayers failed to properly disclose participation in a transaction that is allegedly the same as, or substantially similar to, the transaction that was identified in the Notice.

Taxpayers appealed the assessment, but the 6707A penalties were ultimately upheld on appeal in June 2019 for "proprietary" reasons. (*Id*., PageID. 22 at ¶ 101). On August 21, 2019, Taxpayers submitted qualified offers to the IRS in accordance with 26 U.S.C. § 7430 but the IRS did not respond. (*Id*., PageID. 23 at ¶ 105).  Appellants paid the 6707A penalty for 2013 on November 26, 2019, then filed for a refund. (*Id*.)

On May 26, 2020, Taxpayers filed their Complaint for a refund of the 6707A penalty for Tax Year 2013 and, through its requested relief to invalidate the Notice, rescission of the 6707A penalties for Tax Years 2014-2017. (*Id*., PageID 29) ([Taxpayers] request an order and judgment setting aside the Notice declaring the Notice unlawful). Counts One, Two and Three of Taxpayers' Complaint allege that the Notice should be held

unlawful and set aside under the APA and the 2013 penalties assessed under 26 U.S.C. § 6707A should be refunded and the 2014-2017 penalties should be rescinded. Count Four alleges that, if the Notice was valid, the penalties imposed under 26 U.S.C. § 6707A were improper since disclosure of Taxpayers' transaction was not required, as the transaction alleged in the Complaint was not the same as, or substantially similar to, the transaction identified in the Notice. *See*, 26 C.F.R. § 1.6011-4.

The government filed a motion to dismiss. (R. 15). The District Court granted the motion to dismiss as to Counts One, Two and Four. (Dismissal Judgment, R. 22). However, the District Court denied the motion to dismiss as to Count Three, which alleges that the Notice is invalid for failure to comply with the APA's notice-and-comment requirements. (R. 22, PageID 252-255). Subsequently, the parties filed cross-motions for summary judgment as to Count Three. The District Court granted the government's motion for summary judgment and denied Taxpayers' motion. (MSJ Order, R. 45).

Taxpayers appealed the District Court's orders granting the government's motion to dismiss and motion for summary judgment. On appeal, the Sixth Circuit did not address the order granting the

5

government's motion to dismiss because, as this Court put it, "[w]e begin, and end, with the notice-and-comment claim." *Mann I*, 27 F.4th at 1142. Ultimately, this Court concluded

> Because the IRS's process for issuing Notice 2007-83 did not satisfy the notice-and-comment procedures for promulgating legislative rules under the APA, **we must set it aside**. In the **absence of this Notice**, we need not address the taxpayers' remaining claims.

*Id.* at 1148 (emphasis added).  The mandate is to set aside the Notice.

After the government's time to appeal passed, the Court issued its mandate. (Mandate, R. 50).

After a few weeks, Taxpayers requested that the District Court enforce the Sixth Circuit's mandate setting aside the Notice.  The District Court agreed with Taxpayers and concluded that "if an agency action is found to be invalid under 5 U.S.C. § 706, then the reviewing court must set it aside." (R. 73, PageID 1085).  In so deciding, the District Court notes that "vacatur of a regulation 'unwinds the challenged agency action' altogether." *Id.* quoting *Driftless Area Land Conservancy v. Valcq,* 16 F.4th 508, 522 (7th Cir. 2021).

## SUMMARY OF ARGUMENT

Taxpayers brought a lawsuit challenging an unlawful agency action, seeking a refund of tax penalties for tax year 2013, and a rescission of tax penalties for tax years 2014-2017. (R. 1, PageID 29). Because this Court held that the Notice was unlawful and ordered it set aside, Taxpayers prevailed on all accounts.  And the government admits providing Taxpayers with the relief sought for Tax Year 2013 and Tax Years 2014-2017. (Gov't Brief p. 18).  On remand, District Court echoed the Sixth Circuit:

> Simply put, if an agency action is found to be invalid under 5 U.S.C. § 706, then the reviewing court must set it aside. Such is the case here, as the Sixth Circuit itself made clear. *See Mann Constr. v. United States*, 27 F.4th 1138, 1148 (6th Cir. 2022) ("[W]e must set it aside."). Consequently, IRS Notice 2007-83 will be set aside.

(R. 73, PageID 1085). Clearly, the District Court did <u>not</u> deviate from the Sixth Circuit's mandate and, as a result, the District Court's order was proper.

1.    The ***Sixth Circuit*** did not err when vacating and setting aside the unlawful Notice.  The government wants to reframe and revisit the prior appeal so it can make arguments it previously waived by not

appealing *Mann I*. It cannot.    The government is prohibited from appealing this Court's ruling in *Mann I*.

The government contends that the "District Court erred in vacating the Notice in a tax refund suit not brought under the APA." (Govt. Brief, p. 23).   Almost nothing in this sentence is factually correct.   On appeal, the Sixth Circuit vacated the Notice in a suit brought under the APA to set aside the Notice for failing to comply with the APA and a refund for 2013.[1] *See Mann I*. The government did not appeal *Mann I*.  Therefore, it is prohibited from arguing that the Sixth Circuit was wrong.   The government cannot relitigate the same issues which were before this Court in *Mann I*.

The government improperly frames the relief sought as a refund suit, while the government readily admits, consistent with relief sought in Taxpayers' Complaint, "penalties for other tax years" were abated. (Gov't Brief, p. 18).   The government made this knowingly erroneous

---

[1] As discussed below, earlier this year, the Sixth Circuit confirmed that "vacate" and "set aside" are interchangeable terms under the APA. *Sierra Club v. United States EPA*, 60 F.4th 1008, 1021 (6th Cir. 2023), citing 5 U.S.C. § 706(2)(A); *see also, Cook Cty. v. Wolf,* 498 F. Supp. 3d 999, 1007 (N.D. Ill. 2020) ("Setting aside means vacating; no other meaning is apparent.").

statement in an effort to persuade this Court that Taxpayers are not entitled to relief under APA, rather relief is only allowed under "special statutory provisions governing tax refund suits…26 U.S.C. § 7422(a)." (*Id*. pp. 20-21).  The Complaint did not merely request a refund under 26 U.S.C. § 7422, and the relief granted exceeded a mere refund to include rescission of other penalties.  This was all based on this Court holding the Notice unlawful and set aside.

2.    This Court set aside the Notice because it was unlawful. *Mann I* at 1148. This Court also held that "[r]eviewing courts certainly have the power to vacate an agency action they find unlawful." *Sierra Club*, 60 F.4th at 1021, citing 5 U.S.C. § 706(2)(A).  Following this logic, and not deviating from this Court's mandate, the District Court properly vacated the Notice.

In doing so, the District Court acknowledged that "[v]acatur unwinds the challenged agency action." *Driftless Area Land Conservancy*, 16 F.4th at 522. When vacating an unlawful agency action under the APA, the only logical remedy is to undo the effect of the unlawful agency action.  *See*, Merrick B. Garland, *Deregulation and Judicial Review*, 98 Harv. L. Rev. 505, 574 (1985) (stating that "vacating

[an agency] order alone returns the matter to the status quo ante" by undoing the "effect" of the agency order). The District Court did not abuse its discretion by "unwinding" the Notice.

Further, the District Court did not abuse its discretion by concluding that vacatur of unlawful agency action is not confined to only the parties in the case.[2] (R. 73, PageID 1084). Rather, "the APA tasks courts with determining whether the rule itself is lawful." *Texas v. United States*, No. 6:21-CV-00016, 2022 WL 2109204, at *46 (S.D. Tex. June 10, 2022), cert. granted before j., 143 S. Ct. 51 (2022). So the "setting aside" or vacatur of an unlawful agency action is not limited to the named plaintiffs. *Nat'l Min. Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399, 1409 (D.C. Cir. 1998) (citing *Harmon v. Thornburgh*, 878 F.2d 484, 495 n.21 (D.C. Cir. 1989)).

---

[2] As described below, limiting the relief to Taxpayers would not achieve any objective of the IRS when issuing the Notice. (R. 73, PageID 1081) ("Congress passed § 6707A after IRS officials…asked for penalties…") Under the "special statutory provisions governing tax refund suits" any taxpayer, wherever presently located, can file a refund claim from within the Sixth Circuit. (Gov't Brief, p. 24) (the IRS has already made clear that it will not enforce the Notice at issue in the future as to taxpayers within this Court's jurisdiction.)

10

Finally, the majority of circuit courts hold the view that vacated unlawful agency actions applies to all regulated parties. The D.C. Circuit has made explicit for decades that "[w]hen a reviewing court determines that agency regulations are unlawful, the ordinary result is that the rules are vacated—*not* that their application to the individual petitioners is proscribed." *Nat'l Min. Ass'n,* 145 F.3d at 1409 (quoting *Harmon*, 878 F.2d at 495 n.21) (emphasis added). Additionally, the Third, Fifth, Seventh, Ninth, and Federal Circuits hold the same. Conversely, the government does not cite a single circuit court decision limiting the vacatur of an unlawful agency action to the named plaintiffs. (*See* R. 73 PageID 1084) (there is no binding precedent in *any* circuit holding that the vacatur of administrative action under the APA applies to *only* the parties) (emphasis in original).

In sum, the District Court did not abuse its discretion and its order should be affirmed.

## STANDARD OF REVIEW

The Court reviews a district court's grant of equitable relief for abuse of discretion. *Anchor v. O'Toole*, 94 F.3d 1014, 1025 (6th Cir. 1997). "The phrase, 'abuse of discretion,' is generally regarded as a 'definite and

firm conviction [on the part of the reviewing court] that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'" *Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1045 (6th Cir. 1996) (quoting *Balani v. Immigration and Naturalization Serv.*, 669 F.2d 1157, 1160 (6th Cir. 1982)).

**ARGUMENT**

I.   **THE SIXTH CIRCUIT CORRECTLY VACATED NOTICE 2007-83, AND THE DISTRICT COURT CORRECTLY ENFORCED THE SIXTH CIRCUIT'S MANDATE**

    **A.   The Sixth Circuit vacated Notice 2007-83, not the District Court**

To be clear, the government is currently appealing the District Court's Order enforcing the Sixth Circuit's mandate from *Mann I* (Order, R. 73). It is not, and cannot, appeal the Sixth Circuit's decision setting aside the Notice. *See Mann I*, at 1148. The vacatur of the Notice was settled in *Mann I* and is the law-of-the-case. *GMAC Mortg., LLC v. McKeever*, 651, Fed. Appx. 332, 339 (6th Cir. 2016) ("The law-of-the-case doctrine 'provides that the courts should not reconsider a matter once resolved in a continuing proceeding.") (*citing Howe v. City of Akron*, 801,

F. 3d 718, 739 (6ᵗʰ Cir. 2015)  The government should not be allowed to appeal the Sixth Circuit's decision in *Mann I*.

This Court held that the Notice was unlawful and set it aside under the APA for failure to satisfy the notice-and-comment procedures. Specifically, the Sixth Circuit held that:

> Because the IRS's process for issuing Notice 2007-83 did not satisfy the notice-and-comment procedures for promulgating legislative rules under the APA, we must set it aside. In the absence of this Notice, we need not address the taxpayers' remaining claims.

*Id*.  The government did not appeal *Mann I* and it is now the law-of-the-case.  The government cannot appeal *Mann I*.  Unfortunately, the government is not dissuaded by this prohibition.  Instead, it uses smoke and mirrors to try and reframe the argument.  The government's argument should be rejected.

## B.  The District Court complied with the Sixth Circuit's mandate

"When a superior court determines the law of the case and issues its mandate, a lower court is not free to depart from it." *Waste Mgmt. of Ohio, Inc. v. City of Dayton*, 169 F. App'x 976, 986 (6th Cir. 2006).

*Mann I* is the law-of-the-case.  "The law-of-the-case doctrine precludes reconsideration of previously decided issues unless one of three

13

exceptional circumstances exist: (1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice." *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006). None of these exceptional circumstances exist in this case.

The mandate rule requires lower courts to adhere to the commands of the superior court and proceed in accordance with the mandate. *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). "The trial court is required to 'implement both the letter and the spirit' of the appellate court's mandate, 'taking into account the appellate court's opinion and the circumstances it embraces.'" *Westside Mothers*, 454 F.3d at 538 (quoting *Brunet v. City of Columbus*, 58 F.3d 251, 254 (6th Cir. 1995)). The District Court is bound by the Sixth Circuit's mandate to set aside the Notice.

Further, only when "there is **substantial** doubt as to whether a prior appellate court actually decided the issue" can a lower court deviate from the mandate of a superior court. *Westside Mothers*, 454 F.3d at 539 (emphasis added). Here, as the District Court makes abundantly clear,

14

there can be no doubt that *Mann I* set aside the Notice for failing to comply with notice-and-comment requirements.  See *Mann I* at 1148; *see also*, R. 73, PageID 1085 (the Sixth Circuit made itself clear); R. 81, PageID 1151 ("the Sixth Circuit held that IRS Notice 2007-83 must be set aside and remanded the case for this Court to do so").

This appeal is rooted in the government's misunderstanding that the District Court did more than enforce the mandate.  This Court held that it "must" set aside the Notice. *Mann I* at 1148.  The District Court enforced this mandate, ordering "that IRS Notice 2007-83 is **SET ASIDE** under 5 U.S.C. § 706(2)(D)." (R. 73, PageID 1085).

The government contends that the District Court went beyond the mandate and "vacated" the Notice.  In other words, the government is relying on semantics to create an issue where one does not exist. Under the APA, the terms "set aside" and "vacate" have identical meanings. *Cook Cty.,* 498 F. Supp. 3d at 1007 ("Setting aside means vacating; no other meaning is apparent"). The Sixth Circuit recently recognized this when holding that "[r]eviewing courts certainly have the power to **vacate** an agency action they find unlawful."  *Sierra Club*, 60 F.4th at 1021, citing 5 U.S.C. § 706(2)(A) (emphasis added).

15

Vacatur is "[t]he act of annulling or setting aside." Black's Law Dictionary (11th ed. 2019). "Vacatur unwinds the challenged agency action." *Driftless Area Land Conservancy*, 16 F.4th at 522. *See also*, *Employers Ins. of Wassau v. Browner*, 52 F.3d 656, 665 (7th Cir. 1995) (unauthorized agency action may be "disregard[ed] . . . as void, a nullity"); *Big Lagoon Rancheria v. California*, 741 F.3d 1032, 1042 (9th Cir.2014) ("[t]he law treats an unauthorized agency action as if it never existed."); *Aqua Prods. v. Matal*, 872 F.3d 1290, 1338 (Fed.Cir.2017) ("Where an agency exceeds its delegated authority by improperly issuing a substantive rule, it acts *ultra vires* and the resulting rule is a nullity"); *O.A. v. Trump*, 404 F. Supp. 3d 109, 152 (D.D.C. 2019) (the Court must "annul or vacate" an agency's action that is contrary to law); *E. Bay Sanctuary Covenant v. Garland*, 994 F.3d 962, 987 (9th Cir. 2021) ("Vacatur of an agency rule prevents its application to all those who would otherwise be subject to its operation"); *Data Marketing Partnership, LP v. United States DOL*, 45 F.4th 846, 859 (5th Cir. 2022) ("Under prevailing precedent, § 706… empowers courts to 'set aside'— *i.e.*, formally nullify and revoke—an unlawful agency action"). *See also*, Merrick B. Garland, *Deregulation and Judicial Review*, 98 Harv. L. Rev.

505, 574 (1985) (stating that "vacating [an agency] order alone returns the matter to the status quo ante" by undoing the "effect" of the agency order). Based on foregoing, the District Court did not abuse its discretion.

In addition to the above, the idea that the setting aside of an unlawful agency action under the APA unwinds and nullifies the action is supported by this Court's last sentence of the mandate. *Mann I*, at 1148. The sentence begins, "[i]n the ***absence*** of this Notice…" Cambridge Dictionary defines "absence" as "the fact of not existing."[3] In other words, this Court concluded that the Notice no longer exists. This is consistent with the legal definition of "set aside," which means "to annul or vacate." *Set Aside*, Black's Law Dictionary (11th ed. 2019). Critically, the term had that same meaning when the APA was enacted in 1946. *See* Set Aside, Black's Law Dictionary (3d ed. 1933) ("To set aside a judgment, decree, award, or any proceedings is to **cancel, annul, or revoke** them at the insistence of a party unjustly or irregularly affected by them.") (emphasis added); *see also, Action on Smoking & Health v. Civil Aeronautics Bd.*, 713 F.2d 795, 797 (D.C. Cir. 1983) ("To 'vacate,' as the

---

[3] Cambridge Dictionary "absence,"
https://dictionary.cambridge.org/us/dictionary/english/absence (accessed June 29, 2022).

parties should well know, means 'to annul; to cancel or rescind; to declare, to make, or to render, void; to defeat; to deprive of force; to make of no authority or validity; to set aside.'"  Accordingly, the District Court was correct as a matter of law when setting aside the invalid Notice.

## C.   The District Court appropriately applied this Court's vacatur of the Notice to all regulated parties

The District Court did not abuse its discretion when explaining vacatur applies to all regulated parties.  As the District Court correctly points out, and to which the government has no response, "there is no binding precedent in *any* circuit holding that the vacatur of administrative action under the APA applies to *only* the parties." (R. 73. PageID 1084) (emphasis in original). And because "the APA tasks courts with determining whether the rule *itself* is lawful," *id*. PageID 1082, this District Court correctly concluded that "an invalid rule may not be applied to anyone." *Id*.  Simply put, a system built around the uniform enforcement of federal tax laws requires the uniform application of federal tax laws.

**D.    This Court's set aside remedy was available and appropriate**

The government egregiously argues that Taxpayers could not challenge the Notice's APA violations in a refund suit. (Gov't Brief, pp. 24-25). In support, the government cites *CIC Servs., LLC v. IRS*, 141 S. Ct. 1582 (2021).   For years, taxpayers unsuccessfully attempted to challenge IRS listed transaction notices, pre-refund, as being in violation of the APA.   The government would argue the Anti-Injunction Act prohibited such challenges. In 2021, the United States Supreme Court unanimously rejected the government's position and allowed taxpayers to challenge IRS notices prior to the imposition of penalties. *Id*.   In fact, when arguing against CIC's position, the government actually cited this case and stated that Taxpayers properly challenged the Notice under the APA through a refund claim.   *See*, Brief for Respondent, *CIC Servs., LLC v. IRS*, 141 S. Ct. 1582 (2021) (No. 19-930) at p. 16 (stating "[o]ther taxpayers challenging IRS notices similar to Notice 2016-66 have pursued that path. *Mann Constr., Inc. v. United States*, No. 20-cv-11307 (E.D. Mich. filed May 26, 2020)").

Further, the Complaint's prayer for relief always sought "an order and judgment setting aside Notice 2007-83" and "an order and judgment

19

declaring that Notice 2007-83 is unlawful." (R. 1, PageID 29). Twice the District Court held that "Plaintiffs [] plausibly alleged that the Notice is a legislative rule that should be set aside for failure to comply with notice and comment." (R. 45, PageID 604; R. 22, PageID 255). The prayer also sought a refund for 2013 and rescission of penalties for 2014-2017.

In *Mann I*, Taxpayers appealed and argued that the Notice should be held invalid, set aside and the penalties under 26 U.S.C. § 6707A should be refunded. (*Mann I,* Appellant Brief, Doc. 12 pp. 7-8, 26). In its counter, the government incorrectly argued, as it does here, that Taxpayers "conceded their claims for injunctive and declaratory relief, leaving only their request for a refund." (*Mann I,* Appellee Brief, Doc. 18 p. 13 n.1). This Court concluded that it must set aside the Notice. The government did not appeal. After this Court's decision, the government refunded the penalties for 2013 *and* rescinded the penalties for 2014-2017. However, in its opening brief in this appeal the government makes the same argument it made in *Mann I*. It cannot relitigate these issues in this subsequent appeal.

20

## II.  THE GOVERNMENT CANNOT CHALLENGE THE VACATUR OF THE NOTICE, BUT EVEN IF IT COULD, THE REMEDY IS APPROPRIATE

### A.  Vacating invalid and unlawful agency actions is appropriate

With respect to the APA's vacatur remedy, it is the government's arguments that are "novel" and "innovative," if not unprecedented. Decisions from other circuits confirm this conclusion.  Case after case holds that "set aside" means "vacated," and vacatur of an unlawful agency action under § 706 results in the nullification of the action. *See e.g., United Steel v. Mine Safety & Health Admin.*, 925 F.3d 1279, 1287 (D.C. Cir. 2019) (citing 5 U.S.C. § 706(2)) (when a reviewing court determines that agency regulations are unlawful, "[t]he ordinary practice is to vacate.").

The Sixth Circuit is among the majority of circuits that interpret "set aside" to mean "vacate" under the APA. Earlier this year, Judge Stranch confirmed that "[r]eviewing courts certainly have the power to

21

vacate an agency action they find unlawful."[4]  *Sierra Club*, 60 F.4th at 1021, citing 5 U.S.C. § 706(2)(A).

The District Court did not abuse its discretion by enforcing the Sixth Circuit's mandate when reiterating that "set aside" means "vacate" under § 706(2). (R. 73, PageID 1082).   The District Court followed unambiguous lawmaking and decades of case law from a multitude of circuit courts with reasoned analysis.   The District Court logically followed the Sixth Circuit's conclusion that Notice 2007-83 must be "set aside." *Mann I*, at 1148 ("Courts **must** 'set aside' agency actions that fail to follow [notice-and-comment]") (emphasis added). In enforcing the Sixth Circuit's mandate, the District Court succinctly reiterated the long-standing principle that "set aside" means "vacated." (R. 73, PageID 1082). Put differently, the District Court did not conclude "set aside" requires vacatur – that is settled law.  In its reasoning, the District Court quoted the Seventh Circuit in holding that "a vacatur of a regulation 'unwinds the challenged agency action' altogether." *Id*. at PageID 1085 quoting *Driftless Area Land Conservancy*, 16 F.4th at 522.

---

[4] The government unsuccessfully tries to downplay and distinguish this Court's acknowledgement in *Sierra Club* that courts can vacate unlawful agency actions pursuant to 5 U.S.C. § 706(2)(A). (Gov't Brief, pp. 49-50).

Notably, as the District Court points out, "there is no binding precedent in *any* circuit that the vacatur of administrative action under the APA applies to only the parties." *Id*. PageID 1084 (emphasis in original). On the other hand, the Third, Fifth, Seventh, Ninth, D.C. and Federal Circuit Courts of Appeals have held that vacatur of an unlawful agency action under § 706 results in the nullification of the action. *See*, *Data Marketing Partnership, LP v. United States DOL*, 45 F.4th 846, 859-860 (5th Cir.2022) ("set aside" means to formally nullify and revoke an unlawful agency action); *Franciscan Alliance, Inc. v. Becerra*, 47 F.4th 368, 374-75 (5th Cir. 2022) ("Vacatur is the only statutorily prescribed remedy for a successful APA challenge to a regulation."); *Driftless Area Land Conservancy*, 16 F.4th at 522 (7th Cir. 2021) ("a vacatur of a regulation 'unwinds the challenged agency action' altogether," it "retroactively undoes or expunges a past [agency] action"); *E. Bay Sanctuary Covenant*, 994 F.3d at 987 ("Section 706(2) does not tell a circuit court to 'set aside' unlawful agency action only within the geographic boundaries of that circuit. Vacatur of an agency rule prevents its application to all those who would otherwise be subject to its operation."); *O.A. v. Trump*, 404 F. Supp. 3d 109, 152 (D.D.C.2019) (when

23

an agency action violates the APA, "the APA mandates that the Court 'shall' 'set aside' the challenged 'agency action.').

Under the plain language of the APA, the Court must 'annul or vacate' the agency's action. *See Set Aside*, Black's Law Dictionary (10th ed. 2014)); *Pennsylvania v. President United States*, 930 F.3d 543, 575 (3d Cir.2019) ("Congress determined that rule-vacatur was not unnecessarily burdensome on agencies when it provided vacatur as a standard remedy for APA violations") *rev'd and remanded on other grounds by Little Sisters of the Poor Saints Peter and Paul Home v. Pennsylvania*, 140 S.Ct. 2367, 207 L.Ed.2d 819 (2020); *Comite' De Apoyo A Los Trabajadores Agricoloas v. Perez*, 774 F.3d 173, 191 (3rd Cir. 2014) (noting that: "Ordinarily, reviewing courts have applied [APA § 706(2)] by vacating invalid agency action and remanding the matter to the agency for further review. Here it is particularly appropriate to remand the case with a vacatur because if we did not do so, we would leave in place a rule that is causing the very adverse effect that DOL is charged with preventing, and we would be 'legally sanction[ing] an agency's disregard of its statutory or regulatory mandate.'") (internal citations omitted); *Checkosky v. SEC*, 23 F.3d 452, 491-92, 306 U.S. App. D.C. 144 & n.35 (D.C. Cir.

1994) (Randolph, J., separate opinion) (cataloging cases supporting the proposition that "our decisions uniformly—and quite firmly—hold that [5 U.S.C.] § 706(2)(A) requires us to vacate the arbitrary and capricious agency action" and explaining that "[o]nce a reviewing court determines that the agency has not adequately explained its decision, the [APA] requires the court—in the absence of any contrary statute—to vacate the agency's action").

### B.    Section 706 authorizes vacatur of unauthorized agency actions

The government's notion that § 706(2) does not authorize vacatur is contrary to the APA's text, its history, and the long-held view of federal courts. More importantly, the Sixth Circuit recently held that § 706(2) gives courts "the power to vacate an agency action they find unlawful." *See Sierra Club*, 60 F.4th at 1021; *see also, Ky. Riverkeeper, Inc. v. Rowlette*, 714 F.3d 402, 413 (6th Cir. 2013) ("we may not excuse an agency's failure to follow the procedures required by duly promulgated regulations"). So, not surprisingly, the government cannot cite a single judicial decision supporting its interpretation of § 706(2).[5]    Even the

---

[5] On June 23, 2023, the Supreme Court decided *U.S. v. Texas* 599 U.S. ___ (2023), which concerns State challenges to agency immigration

Solicitor General admits the government's position is novel and inconsistent compared to prior government positions.[6]

The government suggests that Section 706(2) specifies a two-step process and that the court first determines whether an agency action is unlawful under the listed categories, *see* 5 U.S.C. 706(2)(A)-(F), and *may* then disregard the unlawful action, finding, or conclusion when resolving the case.  However, this strained argument would require the Court to ignore the word "shall" and would render the "unlawful" command superfluous.

The government's argument is not supported by the text of § 706. Section 706 has two parts that speak to two different types of actions that "[t]he reviewing court shall" take: It shall (1) "compel agency action

_____

guidelines. The Court held that the States lacked standing to challenge the guidelines. The majority did not address the parties' arguments concerning the APA vacatur remedy applied by the district court and affirmed by the Fifth Circuit. Justice Gorsuch wrote a concurrence entertaining the government's arguments and concluding that remedies under the APA deserve a "closer look" and that "[t]houghtful arguments and scholarship exist on both sides of the debate." The concurrence ends with Justice Gorsuch suggesting that the Supreme Court "would greatly benefit from the considered views of our lower court colleagues."

[6] When questioning the Solicitor General during oral arguments in *U.S. v. Texas*, Chief Justice Roberts described the government's newly discovered position on vacatur to be "fairly radical and inconsistent."

unlawfully withheld or unreasonably delayed, and" (2) "hold unlawful and set aside agency actions, findings, and conclusions found to be" problematic on one of the specified bases. Although the government argues that § 706(2) does not address remedy, it makes no attempt to reconcile its reading with § 706(1), which plainly states the judicial remedy for unlawfully withheld or delayed agency action: an order compelling the action. Section 706(1) belies the government's contention that § 706 does not address remedy. *See also, United States v. Taylor*, 142 S. Ct. 2015, 2023 (2022) (noting "our usual rule of statutory interpretation that a law's terms are best understood by 'the company [they] kee[p]'" (alteration in original)). That the statutory term "set aside" speaks to remedy is further confirmed by the use of that same term in other statutes. For instance, 28 U.S.C. § 2342 gives the courts of appeals "exclusive jurisdiction to enjoin, set aside, [or] suspend (in whole or in part)" final orders, rules, and regulations of specified agencies. Sandwiching "set aside" between two indisputable remedies – "enjoin" and "suspend" – reflects that, in the context of court review of agency action, Congress uses the term "set aside" to refer to a remedy. *Beecham v. United States*, 511 U.S. 368, 371 (1994) ("That several items in a list

share an attribute counsels in favor of interpreting the other items as possessing that attribute as well.").

Likewise, 49 U.S.C. § 46110 authorizes courts "to affirm, amend, modify, or set aside any part of" certain orders of the Transportation Security Administration and the Federal Aviation Administration. And 15 U.S.C. § 825l(b) authorizes courts reviewing orders of the Federal Energy Regulatory Commission "to affirm, modify, or set aside such order[s] in whole or in part." In each, the term "set aside" appears in a list of remedies and plainly refers to a remedy—the remedy of vacating the order (which is the opposite of affirming it or leaving it in place as amended or modified). *See, e.g., Moshea v. Nat'l Transp. Safety Bd.*, 570 F.3d 349, 350 (D.C. Cir. 2009) ("grant[ing] petition for review, vacat[ing] the Board's decision, and remand[ing]" for further proceedings); *Col. Gas Transm'n Corp. v. FERC*, 404 F.3d 459, 463 (D.C. Cir. 2005) ("grant[ing] the petition and vacat[ing] the [agency] orders").

28

### C.    A court cannot limit the vacatur of an unlawful agency action to specific parties or regions

Section 706 mandates that the "reviewing court **shall**— hold **unlawful** <u>and</u> **set aside** agency action…" (emphasis added).[7]  Therefore, if an agency action violates the APA (such as the Notice did), a court must hold it unlawful and set it aside.  The Sixth Circuit did just that.

The government, however, focuses its argument on the term "set aside," while ignoring the term "unlawful."  A court cannot conclude that an agency action is unlawful only as to certain parties or in certain geographic regions.  *See O.A. v. Trump*, 404 F. Supp.3d at 153 ("[T]he [c]ourt would be at a loss to understand what it would mean to vacate a regulation, but only as applied to the parties before the [c]ourt."); *see also Pennsylvania v. Trump*, 351 F. Supp. 3d 791, 831 (E.D. Pa. 2019) ("[T]he national character of an APA violation ordinarily demands a national remedy.").  If an agency action is unlawful, it should be vacated as to all regulated parties.  A court cannot permit the government to continue to enforce an unlawful agency action.  To prevent this absurd result, the

---

[7] Under a rule of law, all government actions must be lawful. *See United Biscuit Co. v. Wirtz*, 123 U.S.App.D.C. 222, 359 F.2d 206, 213 (1965), fn. 14 (there is a well-worn maxim that Government actions are to be presumed lawful).

29

APA requires vacating the unlawful agency action. To this point, the government has no logical response.

Instead, the government generically argues that vacatur will deprive district courts from having a chance to weigh in. On the surface, this suggests the government desires to have another district court determine whether the Notice is unlawful and must be set aside for failing to satisfy the APA's notice and comment requirement. However, looking at the government's conduct subsequent to *Mann I* reveals this is an empty argument. In reality, the government only seeks to ensure that the government never has to defend the Notice in any court ever again, while continuing to enforce a Notice the Sixth Circuit held unlawful and set aside.

Take this particular case as an example. If the Notice is vacated, then all taxpayers must be affected because the government can no longer enforce the unlawful agency action. Taxpayers no longer face penalties and criminal sanctions for failure to comply with the Notice. However, if it's determined that the failure to comply with the APA's notice-and-comment requirements only applies to these Taxpayers or only applies in this limited geographic region (i.e., the Sixth Circuit), then

as observed by the government's conduct, outside the Sixth Circuit, subsequent to *Mann I* no court will ever be permitted to determine the lawfulness or validity of the Notice.

Subsequent to *Mann I,* taxpayers in other districts challenges the lawfulness of the Notice under the APA because the government continues to enforce the Notice. In each case, the government argues that taxpayers are time-barred under 28 U.S.C. § 2401(a) from arguing that the Notice violates the APA because a procedural challenge under the APA accrues at the time the agency action was issued.[8] *See, e.g., Govig & Assocs. v. United States*, 2023 U.S. Dist. LEXIS 49700; *see also, Oom, Inc. et al., v. United States*, Case No. 22-2762, United States District Court, District of New Jersey (wherein the United States filed a motion to dismiss on the same grounds dismissal of APA claims were argued in Govig); *compare with Madison Avenue Pharmacy, Inc. et al. v. United States*, Case No. 3:22-CV-00082, United States District Court, Southern

---

[8] The counter argument isthat the statute of limitations for an APA challenge begins to run only when the agency action actually "invades a party's legally protected interest," because "a party [who] cannot plead a 'legal' wrong or an 'adverse[] [e]ffect[] … has no right of action" under the APA. *Herr v. U.S. Forest Serv*., 803 F.3d 809, 819 (6th Cir. 2015) (Sutton, J.).

District of Ohio, Western Division (Dayton) (in response to *Mann I*, the government stipulated that taxpayers were entitled to refunds).  In other words, the government is not seeking from any Court in this country a decision that would be contrary to the Sixth Circuit's decision in *Mann I*.[9]  The end result of the government's desired position is that the IRS can enforce, against every taxpayer outside of the Sixth Circuit, a Notice that the only court reviewing the APA claims on its merits has held to be unlawful.

In *Govig*, taxpayers sought refunds and challenged the Notice under the APA, alleging that the Notice was arbitrary and capricious, an unauthorized agency action, and failed to follow notice-and-comment. *Id*. The government filed a motion to dismiss and argued that taxpayers' APA claims were procedural challenges and, therefore, time-barred. *Id*. at *37.  The court held that *Govig's* claims that the Notice was arbitrary

---

[9] Despite acknowledging that the Notice is vacated (Gov't Brief, p. 18) and its request for a stay being denied (R. 81), the government continues to enforce the Notice and ignore the vacatur.

and capricious and failed to follow notice-and-comment were procedural and time-barred.[10] *Id*. at \*40-42.

Thus, as a practical matter, a ruling that limits vacatur of the Notice would have a chilling effect and prevent any APA challenges to the Notice and subject all taxpayers to penalties (civil and criminal) under a Notice that this Court has already declared unlawful.[11]  And, the government, through purported procedural arguments apparently unknown prior to *Mann I*, is seeking to stifle any challenges that could result in a contrary or affirming opinion.  In sum, the government seeks to deprive taxpayers access to courts to remedy a harm, resulting from the IRS imposing a penalty based on a Notice that, at all times, will remain an unlawful agency action.

Suffice it to say, the government's argument that "nationwide relief…short circuits debate" is disingenuous. (Gov't Brief, p. 44).  Here, the government desperately wants to short circuit any debate regarding

---

[10] Whether the IRS's issuance of the Notice is "in excess of statutory jurisdiction, authority, or limitations" and as such unlawful and should be set aside pursuant to 5 U.S.C. § 706(2)(C) remains pending in *Govig*.

[11] It is worth noting that the question of when an APA claim first accrues under 28 U.S.C. §2401(a) may be considered by the United States Supreme Court in its next term. *N.D. Retail Ass'n v. Bd. of Governors of the Fed. Rsrv. Sys.*, 55 F.4th 634, appeal to Supreme Court No. 22-1008.

the (un)lawfulness of the Notice. If vacatur of the Notice is limited to
Appellees (or the Sixth Circuit, as the government asserts in its brief),
there may be no further debate regarding the Notice.  As soon as a
taxpayer challenges the Notice, the government will seek to dismiss the
challenge as outside the statute of limitations. *See e.g., Govig* and *Oom,
supra.*

Lastly, it is inconceivable in a uniform system of federal tax law
that a circuit court would hold that an IRS notice failed to abide by the
APA's notice-and-comment provisions, but then allow the IRS to continue
to enforce the unlawful notice against other taxpayers.  As the Third
Circuit highlighted in *Comite' De Apoyo A Los Trabajadores Agricoloas*,
it is "particularly appropriate to remand the case with a vacatur" because
failure to do so would leave in place an invalid rule, "and we would be
legally sanction[ing] an agency's disregard of its statutory or regulatory
mandate". 774 F.3d at 191.  The District Court acknowledged the fallacy
in the government's position by stating:

> Unlike most cases that come before a district court, "in which
> courts determine whether the *application* of a law to the
> named plaintiffs is lawful,  the APA tasks courts with
> determining whether the rule *itself* is lawful." *Texas v. United
> States*, No. 6:21-CV-00016, 2022 WL 2109204, at *46 (S.D.
> Tex. June 10, 2022), *cert. granted before j.*, 143 S. Ct. 51

34

(2022). So the "setting aside" or vacatur of an unlawful agency action is not limited to the named plaintiffs. *Nat'l Min. Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399, 1409 (D.C. Cir. 1998) (citing *Harmon v. Thornburgh*, 878 F.2d 484, 495 n.21 (D.C. Cir. 1989)); *see also* Mila Sohoni, *The Power to Vacate a Rule*, 88 GEO. WASH. L. REV. 1121, 1173 (2020) ("The term 'set aside' means invalidation— and an invalid rule may not be applied to anyone.").

(R. 73, PageID 1082). The District Court understood that the IRS did not fail to comply with notice-and-comment requirements *only* with respect to these Taxpayers. The Notice is unlawful to all taxpayers.

Common sense and decades of case law properly guided the District Court's order enforcing the Sixth Circuit's mandate setting aside the unlawful Notice to all regulated parties.

### D. Even if equitable balancing is appropriate or required, the balancing supports the District Court's order

The government's overt attempts to cut off all APA challenges to an unlawful IRS Notice runs contrary to its "equitable balancing" argument. The government contends that equitable principles render vacatur inappropriate. (Gov't Brief, p. 42). Again, the opposite would be true. The Supreme Court has long said that the APA "embodies the basic presumption of judicial review" and that its "'generous review provisions' must be given a 'hospitable' interpretation." *Abbott Lab'ys v. Gardner,*

387 U.S. 136, 140 (1967).  Section 702 is the cornerstone of that mandate.  It provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.  Now, in direct contradiction to the APA's mandate, the government seeks to prevent judicial review to taxpayers adversely affected or aggrieved by the Notice.  The government's position is duplicitous and inequitable.

The government does not want vacatur to exist as a remedy.  But if it must, the government believes that equitable balancing is required.  And the government contends the District Court failed to balance equities.  For the following reasons, the government is wrong.

First, the Sixth Circuit vacated the Notice (in *Mann I*)—not the District Court.  This argument stems from the government's misplaced contention that "vacate" and "set aside" mean different things. Under the APA, they do not.  "The ordinary practice is to vacate unlawful agency action." *United Steel*, at 1287.  This Court set aside the Notice and the District Court enforced this mandate.

36

Second, even if a court has the discretion under § 706(2) to *not* vacate an unlawful agency action[12], such a conclusion would be inequitable here. *Mann I* held that the Notice violated the APA and was unlawful and set it aside. So, rather than allowing the IRS to enforce civil and criminal penalties based on an unlawful agency action, this Court vacated the Notice. And it's not as if the vacatur is unduly burdensome or prevents the IRS from ever enforcing the contents of the Notice. *Mann I* simply tells the IRS to go back to the drawing board and abide by notice-and-comment when issuing the Notice. Pointedly, this Court demanded that the IRS must "turn square corners" when issuing legislative rules. *Mann Constr*., 27 F4th at 1141.

Third, remand without vacatur is not appropriate in this circumstance because the Sixth Circuit vacated the Notice, not the District Court. This Court did not remand the Notice, it set aside the Notice. And this Court did not instruct the District Court to remand the Notice back to the IRS without vacating the Notice. The Sixth Circuit set aside the Notice and District Court followed this mandate. Therefore,

---

[12] Typically, when interpreting statutes, the term "shall" means "must." *California v. Texas,* 141 S. Ct. 2104, 2137

contrary to what the government might suggest, the District Court had no discretion to remand without vacatur.

Further, at the time of the District Court's order, the Sixth Circuit had "not expressly approved of remand without vacatur in the APA context." *Ackerman Bros. Farms, LLC v. United States Dep't of Agric.*, 2021 U.S. Dist. LEXIS 247821, *13. However, this seemed to change in *Sierra Club*, where this Court seemed adopt the *Allied-Signal*[13] test. *Sierra Club* at 1022. With respect to the *Allied-Signal* test, this Court provides:

> In general, whether vacatur is appropriate depends "on the seriousness of the agency error and the disruptive consequences of vacatur." *Long Island Power Auth. & Long Island Lighting Co. v. FERC*, 27 F.4th 705, 717, 456 U.S. App. D.C. 88 (D.C. Cir. 2022) (citing *Allied-Signal, Inc. v. U.S. Nuclear Regul. Comm'n*, 988 F.2d 146, 150-51, 300 U.S. App. D.C. 198 (D.C. Cir. 1993)). Neither *Allied-Signal* factor is dispositive; rather, "resolution of the question turns on the [c]ourt's assessment of the overall equities and practicality of the alternatives."

*Id*. At first blush, it's surprising that the government does not address the factors of the *Allied-Signal* test. But given how little deference the

---

[13] *See Allied-Signal v. United States Nuclear Regulatory Comm'n*, 988 F.2d 146 (D.C. Cir. 1993).

government wants to bestow *Sierra Club*, it's unsurprising that the government ignores the test completely.

Both *Allied-Signal* test factors counsel in favor of vacatur. First, it is a serious error to explicitly and admittedly ignore the APA's notice-and-comment requirements. As this Court admonished in *Mann I*, "[i]f individuals 'must turn square corners when they deal with the government,' the taxpayers insist, 'it cannot be too much to expect the government to turn square corners when it deals with them.'" *Mann I* at 1141 quoting *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1486, 209 L. Ed. 2d 433 (2021). This Court also held that "we may not excuse an agency's failure to follow the procedures required by duly promulgated regulations." *Ky. Riverkeeper, Inc.*, 714 F.3d at 413. In sum, it is a serious error to improperly issue a legislative rule that imposes criminal penalties.

The second factor also lands on the side of vacatur. As discussed earlier, there are no disruptive consequences of vacating the Notice. The IRS can properly identify as a list transaction the exact same transaction if it desires, it just has to comply with the APA. In the meantime, it is

39

inequitable to allow the IRS to enforce an unlawful agency action against taxpayers.

## E.    The government's position conflicts with the purpose of § 6707A

The government previously advised this Court that "Congress…determined that two level of penalties were needed to enforce the disclosure requirements, which it codified at [26 U.S.C.] §§ 6707A and 6662A." (*Mann I* Gov't Brief Doc. 18, Page 38. *See also*, R. 73, PageID 1081 ("Congress passed § 6707A after the IRS officials…asked for penalties…"). The government did not appeal *Mann I*. Subsequent to *Mann I*, the government stifles any efforts by taxpayers outside the Sixth Circuit to challenge the Notice. Now, "[t]he Government…announced that it will not enforce penalties based on listed transactions identified without notice-and-comment rule making in cases where this Court's decision is controlling precedent." (Gov't Brief, p. 18). As a result, and in accordance with the "special statutory provisions governing tax refund suits, 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422(a)" any taxpayer, wherever presently located and assessed a penalty under the unlawful Notice, can obtain a tax refund within the Sixth Circuit.

The "special statutory provisions governing tax refund suits" necessitate that a taxpayer make a claim for refund with the IRS. *See* 26 U.S.C. § 7422.  As with Taxpayers, the refund of the penalties assessed under 26 U.S.C. § 6707A can occur through filing IRS Form 843 (Claim for Refund and Request for Abatement).[14]  Pursuant to the IRS Form 843 instructions, the taxpayer is directed to file the Form 843 at "the service center where you would be required to file a *current* year tax return."[15] (emphasis added).  Thus, any taxpayer, with the incentive to not allow the IRS to retain a penalty collected pursuant to a Notice held to be unlawful and set aside, merely needs to satisfy the requirements necessary to file his/her/its current year tax return within the Sixth Circuit. Even if the events giving rise to the assessment occurred in prior years in a different state, the filing of the refund claim is based on where the taxpayer would file a current year tax return.  Since the filing of the refund claim triggers the ability to file a refund lawsuit, venue would be proper within the Sixth Circuit for any taxpayer filing a refund claim

---

[14] IRS Form 843 can be found at: https://www.irs.gov/pub/irs-pdf/f843.pdf (last visited July 14, 2023)

[15] IRS Form 843 Instructions can be found at: https://www.irs.gov/pub/irs-pdf/i843.pdf (last visited July 14, 2023).

within the Sixth Circuit. *See* 28 U.S.C. § 1391(b)(2), 28 U.S.C. § 1402(a)(1).

Because of the government's own admission, its desire to stifle any court challenges that could result in a contrary ruling to *Mann I*, and the IRS's apparent unwillingness to simply identify a listed transaction in accordance with the law, the entire purpose for which 26 U.S.C. § 6707A was enacted is defeated. The government's argument to limit the scope of the vacatur of the Notice makes no sense in a system of federal tax laws, especially in light of the "special statutory provisions governing tax refund suits." The government's position does not promote disclosure out of fear of penalties, it promotes taxpayers moving to avoid penalties assessed under an unlawful Notice. The government's position does not promote the fair administration of federal tax laws, rather it promotes chaos as taxpayers move to file refund claims within the Sixth Circuit.

## CONCLUSION

The Sixth Circuit properly determined that Notice 2007-83 was unlawful and must be set aside. The District Court's judgment enforcing the Sixth Circuit's mandate is correct and should be affirmed.

Respectfully submitted,

/s/ Samuel J. Lauricia III
Samuel J. Lauricia III (OH 0078158)
*SLauricia@westonhurd.com*
Matthew C. Miller (OH 0084977)
*MMiller@westonhurd.com*
Walter A. Lucas (OH 0068150)
*WLucas@westonhurd.com*
**WESTON HURD LLP**
1300 E. 9th Street, Suite 1400
Cleveland, Ohio 44114
Phone: 216-241-6602
Fax: 216-641-8369
**Attorneys for Appellees**
**MANN CONSTRUCTION, INC.;**
**BROOK WOOD; KIMBERLY**
**WOOD; LEE COUGHLIN; DEBBIE**
**COUGHLIN**

## CERTIFICATE OF COMPLIANCE

**Certificate of Compliance with Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements**

1.     This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

      [X]   this document contained 10,235 words, **or**

      [ ]   this brief uses a monospaced typeface and contains ____ lines of text.

2.     This document complies with the typeface requirements of Fed. R. App. P. 329(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

      [X]   this document has been prepared in a proportionally spaced typeface using Word for Microsoft 365 in Century Schoolbook 14, **and**

      [ ]   this brief has been prepared in a monospaced typeface using _____ with _____.

(s) */s/Samuel J. Lauricia, III*_____

Attorney for Mann, Construction, Inc., Brook Wood, Kimberly Wood, Lee Coughlin and Debbie Coughlin

Dated: July 20, 2023___

44

## RECORD ADDENDUM

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

### Pursuant to Sixth Circuit Rule 30(g)

| Record Entry No. | Description | Page ID Range |
|---|---|---|
| 1 | Complaint | 1-30 |
| 22 | Order Granting in Part and Denying in Part Defendant's Motion to Dismiss | 252-255 |
| 45 | Opinion and Order Granting Defendant's Motion for Summary Judgment and Denying Plaintiffs' Cross-Motion | 591-616 |
| 73 | Opinion and Order Granting Plaintiffs' Motion to Enforce Mandate | 1079-1085 |
| 81 | Opinion and Order Denying Defendant's Motion to Stay | 1148-1155 |

# STATUTORY ADDENDUM

5 U.S.C. § 551
5 U.S.C. § 702
5 U.S.C. § 706
5 U.S.C. § 706(2)(A)-(F)
15 U.S.C. § 825l(b)
26 U.S.C. § 7422
26 U.S.C. § 7422(a)
26 U.S.C. § 7430
26 U.S.C.§ 6662A
26 U.S.C. § 6707A
28 U.S.C. § 1291
28 U.S.C. § 1331
28 U.S.C. § 1346(a)(1)
28 U.S.C. § 1391
28 U.S.C.  § 1391(b)(2)
28 U.S.C. § 2342
28 U.S.C. § 2401(a)
49 U.S.C. § 46110

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served via the Court's electronic filing system on July 20, 2023.

*/s/ Samuel J. Lauricia*
**Samuel J. Lauricia III (0078158)**

47